UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BUILDING TRADES UNITED PENSION
TRUST FUND and NACARCI FEASTER
(in his capacity as trustee),**

**IRON WORKERS LOCAL 8 HEALTH FUND,
IRON WORKERS LOCAL 8 APPRENTICESHIP
FUND, UNION INDIVIDUAL ACCOUNT RETIREMENT
FUND and COLIN TESKA (in his capacity as trustee),**

**IRON WORKERS MANAGEMENT PROGRESSIVE ACTION
COOPERATIVE TRUST, and
INDUSTRY ADVANCEMENT PROGRAM/CONTRACT
ADMINISTRATION,**
          Plaintiffs,

    v.                                    Case No. 09-C-0922

**PRECISION STRUCTURES, INC.,**
          Defendant.

---

## DECISION AND ORDER

Plaintiffs, employee benefit plans and their trustees, bring this action against defendant Precision Structures, Inc., alleging that it violated the Employee Retirement Income Security Act of 1974 ("ERISA"), the Labor-Management Relations Act of 1947 and the terms and provisions of their collective bargaining agreements by failing to pay fringe benefit contributions. Plaintiffs filed proof of service on April 15, 2010, indicating service by publication on March 29, April 5, and April 12. Once served, defendant had twenty-one days in which to file a responsive pleading, Fed. R. Civ. P. 12(a)(1)(A)(i). However, defendant has not appeared. The clerk entered default on April 23. Pursuant to Fed. R. Civ. P. 55(b)(2), plaintiffs now seek a default judgment.

Service of process is a prerequisite to the exercise of jurisdiction over defendant. Swaim v. Moltan Co., 73 F.3d 711, 719-20 (7th Cir. 1996). Therefore, I must determine whether plaintiffs properly served defendant. ERISA provides for nationwide service of process. 29 U.S.C. § 1132(e)(2); see also Fed. R. Civ. P. 4(k)(1)(C). However, Fed. R. Civ. P. 4(h) controls the manner of service. Pursuant to Rule 4(h)(1)(B), service of process on a corporation may be completed "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . . " Rule 4(h)(1)(A) allows for service on corporations in the manner prescribed by the statutes of the state where process is served (Wisconsin) or where the subject district court is located (Wisconsin).

Plaintiffs state that they were unable to personally serve defendant's agent in accordance with Rule 4(h)(1)(B). Thus plaintiffs had to serve defendant in accordance with Wisconsin law. Under Wis. Stat. § 801.11(5)(b), where plaintiffs exercise reasonable diligence but are unable to personally serve an officer, director, or managing agent, service may be made on an officer, director, or managing agent by publication and mailing. Plaintiffs have not, however, presented any evidence indicating that they exercised reasonable diligence before resorting to service by publication and mail. Reasonable diligence under the circumstances does not require "all possible diligence which may be conceived." Haselow v. Gauthier, 212 Wis. 2d 580, 589 (Ct. App. 1997). But it does require plaintiffs to pursue leads or information reasonably calculated to make personal service possible. Loppnow v. Bielik, __ Wis.2d ___, 2010 Wisc. App. LEXIS 261, at *8 (Ct. App. 2010); Welty v. Heggy, 124 Wis. 2d 318, 325 (Ct. App. 1985). Because plaintiffs have presented no evidence indicating that they pursued leads or information making personal

2

service possible, I cannot conclude that they exercised reasonable diligence in attempting personal service. I will therefore deny the motion for default judgment without prejudice.

Plaintiffs may resubmit their motion for default judgment. If they choose to do so, they should submit sufficient evidence enabling the court to determine whether personal jurisdiction exists over defendant.

For the reasons stated,

**IT IS THEREFORE ORDERED** that the motion for default judgment is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 18 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge

3

Case 2:09-cv-00922-LA   Filed 06/18/10   Page 3 of 3   Document 18